UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEJANDRO ALVARADO ROSAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 3:13-cv-05700-RJB<br><br>ORDER GRANTING AN EVIDENTIARY HEARING AND APPOINTING COUNSEL |

This matter comes before the court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence. Dkt. 1. The court has reviewed the relevant records and the remainder of the file herein.

### I. PROCEDURAL HISTORY

On August 15, 2013, Alejandro Alvarado Rosas ("Rosas") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence based on ineffective assistance of counsel. Dkt. 1. In the alternative, Rosas requests that the court grant an evidentiary hearing to develop the record. *Id.* at 24. In his motion, Rosas argues that his counsel was ineffective for two reasons: first, his attorney failed to litigate a meritorious Fourth Amendment claim; and second,

his attorney failed to investigate a meritorious Fourth Amendment claim. *Id.* at 4-17. Rosas' Fourth Amendment claim was based on a warrantless search and seizure of his home. Without challenging this warrantless search and seizure, Rosas plead guilty to Possession of Methamphetamine and Heroin with Intent to Distribute. Dkt. 6, at 3.

On September 20, 2013, the Government filed an answer. Dkt. 6. The government denied all of Rosas' allegations, arguing that there was no meritorious Fourth Amendment claim. *Id.* The government did, however, acknowledge that Rosas raised a factual issue requiring an evidentiary hearing. *Id.* at 7.

On October 25, 2013, Rosas filed his reply. Dkt. 9.

## II.   DISCUSSION

### A.   Legal Standard

A Petitioner is entitled to an evidentiary hearing on his § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255.  No hearing is necessary if the allegations can be refuted from the trial record. *Miller v. United States*, 339 F.2d 704 (9th Cir. 1964).  Even when a Section 2255 motion is based on claims outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief, or are incredible or patently frivolous. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).

If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.  Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), whenever the court determines that the interests of justice so require,

representation may be provided for any financially eligible person who is seeking relief under 28 U.S.C. § 2255.

**B.   Alvarado Rosas is Entitled to an Evidentiary Hearing.**

Rosas' claims depend on the evidence surrounding his decision to plead guilty instead of deciding to litigate his Fourth Amendment claim. The communications surrounding this decision are outside the trial record, and, without development, the record is insufficient to conclusively establish that Rosas is not entitled to relief. Further, Rosas' claims are not incredibly or patently frivolous.

As the government recognizes, an evidentiary hearing should be held to determine the facts supporting Rosas' claims. Further, the court should appoint counsel to represent petitioner at the evidentiary hearing.

### III.   ORDER

Therefore, it is hereby

**ORDERED** that Petitioner's alternative request for an evidentiary hearing (Dkt. 1) is **GRANTED.** Counsel shall be appointed to represent Petitioner for said hearing and counsel shall enter a Notice of Appearance by **December 2, 2013,** at which time the Clerk shall schedule an evidentiary hearing.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of October, 2013.

ROBERT J. BRYAN
United States District Judge